**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KASHMIR KAUR, | No. 04-75287 |
| Petitioner, | Agency No. A095-591-962 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2009[**]
San Francisco, California

Before: HUG, RYMER and McKEOWN, Circuit Judges.

Kashmir Kaur, a national and citizen of India, petitions for review of a final

order of the Board of Immigration Appeals (BIA), adopting and affirming an

immigration judge (IJ), which denied her application for asylum, withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and deny the petition for review.

Although not every one of the IJ's credibility findings is justifiable, there is substantial evidence to support the adverse credibility determination. *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003) ("So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the] claim of persecution, we are bound to accept the IJ's adverse credibility finding."). Kaur's testimony regarding her husband's affiliation with Akali Dal Mann was inconsistent, ranging from her husband not participating in politics at all to merely being a supporter who never worked for the party to being, according to her own exhibit, an active member who had worked for the party. Given that her alleged persecution arose, at least in part, out of her husband's affiliation with this party, this inconsistency goes to the heart of her claim.

This inconsistency is a specific, cogent reason that provides substantial evidence for the IJ's adverse credibility finding. *Shire v. Ashcroft*, 388 F.3d 1288, 1295 (9th Cir. 2004). Accordingly, the court is not presented with a situation where "no reasonable factfinder could find that the petitioner was not credible." *Id.* at 1295.

Because Kaur failed to satisfy her burden of establishing eligibility for asylum relief, she also cannot meet the higher withholding of removal standard.

*See Movsisian v. Ashcroft*, 395 F.3d 1095, 1097 (9th Cir. 2005) ("In failing to qualify for asylum, Movsisian necessarily failed to meet the more stringent standard of proof for withholding of deportation.").

In addition, because Kaur's "claims under the Convention Against Torture are based on the same statements, by [Kaur] and others, that the BIA determined to be not credible," this court "must similarly affirm the rejection of [Kaur's] claim under the Convention Against Torture." *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**